UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

JACQUELINE SATHER,

          Plaintiff,

vs.

MEC DISTRIBUTION, LLC
d/b/a CORAL FUNDING,

          Defendant.

Case No. _____
Removed from the Circuit Court of the
State of Wisconsin for Milwaukee County

## NOTICE OF REMOVAL

Gina M. Colletti
Clerk of Court
U.S. DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
517 East Wisconsin Avenue
Milwaukee, WI 53202

John D. Blythin
Mark A. Eldridge
Jesse Fruchter
Ben J. Slatky
ADEMI LLP
3629 East Layton Avenue
Cudahy, WI 53110
*Attorneys for Plaintiff*

John Barret
Clerk of Circuit Court
CIRCUIT COURT FOR THE STATE OF WISCONSIN
MILWAUKEE COUNTY
901 North Ninth Street
Milwaukee, WI 53233

Hon. Laura Gramling Perez
Circuit Judge
CIRCUIT COURT FOR THE STATE OF WISCONSIN
MILWAUKEE COUNTY
901 North Ninth Street
Milwaukee, WI 53233

**PLEASE TAKE NOTICE** that Defendant MEC Distribution, LLC, by and

through its undersigned counsel, hereby removes the civil action known as *Sather v. MEC*

*Distribution, LLC, d/b/a/ Coral Funding*, Case 2021CV001709, from the Circuit Court for the

State of Wisconsin, Milwaukee County, to the United States District Court for the Eastern

District of Wisconsin under 15 U.S.C. § 1681p and 28 U.S.C. §§ 130(a), 1331, 1367, and 1446.

The grounds for removal are:

1. Plaintiff Jacqueline Sather ("Sather') initiated this action on March 19, 2021, by filing a Complaint in the Circuit Court for the State of Wisconsin, Milwaukee County, Case Number2021CV001709 ("State Court Action").

2. Defendant MEC Distribution, LLC ("MEC") first received copies of the summons and complaint in the State Court Action on or after May 14, 2021.

3. True and correct copies of Sather's summons and complaint, the only documents filed yet in the State Court to the knowledge of MEC, are attached to this Notice as **Exhibit A.**

4. Thirty days have not yet expired since this action became removable to this Court. Removal is therefore timely under 28 U.S.C. § 1446(b)(1).

5. Sather alleges in the complaint that MEC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"), by mailing her letters during ----.

6. The State Court Action is a civil action that may be removed to this Court under 28 U.S.C. § 1441(a) because it is one over which the District Courts of the Untied States have been given original jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Sather also alleges in the complaint that MEC violated the Wisconsin Consumer Act, based on the facts underlying her claim for violation of the FCRA. This Court may exercise supplemental jurisdiction over this state-law claim under 28 U.S.C. § 1367(a) because it is so related to Sather's claim under the FCRA as to form part of the same case or controversy under Article III of the United States Constitution. The presence of this state-law claim does not prevent removal under 28 U.S.C. §§ 1331 and 1441(a). *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997).

8. Under 28 U.S.C. § 130(a) and 28 U.S.C. § 1441(a), removal to the United States District Court for the Eastern District of Wisconsin is proper because it is the federal judicial district encompassing the Circuit Court for the State of Wisconsin, Milwaukee County.

9. In compliance with General Local Rule 3, a copy of this Court's consent form regarding jurisdiction by a United States Magistrate Judge is attached as **Exhibit B.** In

compliance with Civil Local Rule 3(a), a civil cover sheet is attached as **Exhibit C.** In compliance with Civil Local Rule 7.1(b)(1), MEC is filing a separate disclosure statement contemporaneously with this Notice of Removal.

10.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Clerk of Circuit Court for the Circuit Court of the State of Wisconsin, Milwaukee County, and written notice of the filing of this Notice of Removal will be served upon Sather's counsel of record. A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit D.**

11.    There are no defendants named in Sather's complaint in State Court Action other than MEC.

12.    Wherefore, MEC respectfully gives notice that this action is removed from the Circuit Court for the State of Wisconsin, Milwaukee County, to the United States District Court for the Eastern District of Wisconsin. In filing this Notice of Removal, MEC does not waive, and expressly reserves, any defense that may be available to it.

Dated: June 17, 2021                    /s/ Michael A. Robinson

Michael A. Robinson (CABN 21466)
PEEBLES KIDDER BERGIN & ROBINSON LLP
2020 L Street, Suite 250
Sacramento, CA 95811
916.441.2700 (telephone)
916.441.2067 (facsimile)
mrobinson@ndnlaw.com

*Attorneys for Defendant MEC*
*Distribution LLC d/b/a/ Coral Funding*

# Exhibit A

FILED
03-19-2021
John Barrett
Clerk of Circuit Court
2021CV001709
Honorable Laura Gramling
Perez-32
Branch 32

STATE OF WISCONSIN      CIRCUIT COURT      MILWAUKEE COUNTY

CIVIL DIVISION

---

JACQUELINE SATHER,
1451 S. 81st Street
Milwaukee, WI 53214,

                Plaintiff,

                v.

MEC DISTRIBUTION, LLC
d/b/a CORAL FUNDING
36 3rd Street NE
Minot, ND 58703,

                Defendant.

**COMPLAINT**

Case No.:_____
Classification Code: 30704

**Jury Trial Demanded**

---

COMES NOW Plaintiff Jacqueline Sather, by Plaintiff's Attorneys, Ademi LLP, and for

a cause of action, states as follows:

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the federal Fair

Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), its implementing regulations, 12 C.F.R.

Part 1022 ("Regulation V"), and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the

"WCA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis.

Stat. § 801.05(3). Defendants' collection activities were directed at Wisconsin residents in

Wisconsin.

3.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis.

Stat. § 801.05(3). Defendant's activities were directed at Wisconsin residents in Wisconsin. Venue

in Milwaukee County is proper because the claim arose in Milwaukee County, and Defendant's conduct is in connection with a consumer transaction that occurred in Milwaukee County. Wis. Stat. §§ 801.50; 421.401(1)(a) ("The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county: ... Where the customer resides ....").

## PARTIES

4.      Plaintiff, Jacqueline Sather is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5.      Plaintiff is a "consumer" as defined in the FCRA, 15 U.S.C. § 1681a, in that Plaintiff is a natural person who received a firm offer of credit.

6.      Defendant MEC Distribution, LLC is a debt consolidation firm and financial services company that does business under various fictitious or trade names, including "Coral Funding."

7.      MEC Distribution LLC is registered as a foreign limited liability company in North Dakota with a principal address of 36 3rd Street NE, Minot, North Dakota 58703. (https://firststop.sos.nd.gov/search/business).

8.      MEC Distribution LLC maintains a registered agent for service of process at: National Registered Agents, Inc., 120 W Sweet Ave., Bismarck, ND 58504-5566.

9.      The Better Business Bureau reports: "Alert: In February 2018, BBB staff visited the Fargo ND addresses provided by MEC Distribution and found that all locations were vacant and the building managements explained that although the rent was paid by MEC Distribution, the office spaces were not used. MEC Distribution LLC provided BBB with a mailing address for complaint handling in Bloomfield Township Michigan. BBB's mail to that address has been returned as 'not deliverable as addressed- unable to forward'. At this time, BBB does not have a

2

physical location for this business." (https://www.bbb.org/us/nd/fargo/profile/no-license-required-financial-consultants/mec-distribution-llc-0704-96384019)

    10.    Posted on the website www.mycoralfunding.com that is listed on the letter Plaintiff received is only one address: PO Box 7894, Bloomfield Hills, MI 48302.

    11.    Coral Funding does substantial business in Wisconsin.

    12.    Coral Funding is a "creditor" as defined in FCRA, 15 U.S.C. § 1681a, and the WCA, Wis. Stat. § 421.301, in that Coral Funding: regularly extends, renews, or continues credit, regularly arranges for the extension, renewal, or continuation of credit, or regularly acts as an assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

## FACTS

    13.    Sometime in mid-to-late 2020, Coral Funding mailed Plaintiff a letter. A copy of this letter is attached to this complaint as Exhibit A.

    14.    Exhibit A contains the following offer:

You have been pre-approved for a Debt Consolidation Loan of up to $50,500 with an Annual Percentage Rate as low as 3.25%. Just compare that bargain rate to the sky-high interest you currently pay on your credit card balance every month ... the difference will shock you.

*Plus, you can even borrow an extra $10,000 and still save up to $673 every month!*

| | CURRENT BALANCE | INTEREST RATE | MONTHLY PAYMENT | MONTHLY SAVINGS | FIRST YEAR SAVINGS |
|---|---|---|---|---|---|
| WHAT YOU HAVE NOW | $40,500 | 19.90% | $891 | NONE | NONE |
| WHAT YOU WILL HAVE WITH US | $50,500 | 3.25% | $218 | $673 | $8,072 |

All you need to do is call Coral Funding at 1-888-228-8905 today to get started!

    15.    Upon information and belief, Exhibit A is a form letter, generated by computer and with information specific to Plaintiff inserted by computer.

3

16.   Upon information and belief, Exhibit A is a form "firm offer of credit" letter, used by Defendant pursuant to 15 U.S.C. 1681b(c)(1)(B) as a prescreened solicitation.

17.   Exhibit A states the following on the reverse side of the solicitation:

**Prescreen and Opt-Out Notice:**
This "prescreened" notice of credit is based on information in your credit report indicating that you meet certain criteria. This notice is not guaranteed if you do not meet select criteria.

If you do not want to receive the prescreened notices of credit from this and other companies please call the Federal Trade Commission's Opt-Out number toll-free at 1-888-5OPT-OUT (1-888-567-8688). You may also write to your credit bureaus at:

Equifax Options
PO Box 74123
Atlanta, GA 30374-0123

TransUnion Opt-Out Request
PO Box 505
Woodlyn, PA 19094-0505

Experian Consumer Opt-Out
PO Box 919
Allen, TX 75013

Rates, fees and program guidelines are subject to change without notice. Certain restrictions may apply.

18.   The above largely reflects the information required by the long notice pursuant to 15 U.S.C. 1681m(d) and 12 CFR 1022.54.

19.   Exhibit A does not contain any notice on the front side of the solicitation.

20.   Pursuant to the FCRA, 15 U.S.C. § 1681m(d) and 12 CFR 1022.54, in addition to requirement of the long notice on the reverse side of a firm offer of credit, the front side must include a short form notice.

21.   Exhibit A does not include a short form notice on the front or back side.

4

22.     Upon information and belief, prior to mailing Exhibit A, Defendants obtained certain of Plaintiff's information in a "prescreened list" that was generated pursuant to 15 U.S.C. § 1681b(c).

23.     Upon information and belief, prior to mailing Exhibit A, Defendants received from the consumer reporting agency that provided the prescreened list which included certain of Plaintiff's information a "Notice of User Responsibilities" that is substantially similar to the model notice that appears in Appendix N to Regulation V. *See* 15 U.S.C. § 1681e(d).

24.     Consumer reporting agencies provide the Notice of User Responsibilities as a means of maintaining reasonable procedures that ensure that consumer reports are furnished in accordance with the requirements of FCRA, including the requirement that the consumer reporting agency afford consumers their right to elect to be excluded from prescreened lists. *See* 15 U.S.C. §§ 1681b(e), 1681e(a).

25.     The model notice in Appendix N to Regulation V states:

[A]ny user [of prescreened lists] must provide with each written solicitation a clear and conspicuous statement that:

> - Information contained in a consumer's CRA file was used in connection with the transaction.
>
> - The consumer received the offer because he or she satisfied the criteria for credit worthiness or insurability used to screen for the offer.
>
> - Credit or insurance may not be extended if, after the consumer responds, it is determined that the consumer does not meet the criteria used for screening or any applicable criteria bearing on credit worthiness or insurability, or the consumer does not furnish required collateral.
>
> - The consumer may prohibit the use of information in his or her file in connection with future prescreened offers of credit or insurance by contacting the notification system established by the CRA that

5

> provided the report. The statement must include the address and
> toll-free telephone number of the appropriate notification system.

In addition, the CFPB has established the format, type size, and manner of the disclosure required by Section 615(d), with which users must comply. The relevant regulation is 12 CFR 1022.54.

26.     Upon information and belief, Defendant falsely certified to one or more consumer reporting agencies that Defendant was complying with FCRA and Regulation V.

27.     Upon information and belief, Defendant obtained prescreened lists that included certain consumer information (including certain information about Plaintiff) under the false pretenses that it was complying with FCRA and Regulation V and would make firm offers of credit that were consistent with the requirements of FCRA and Regulation V.

### The FCRA

28.     The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, requires that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of the FCRA. 15 U.S.C. § 1681(b).

29.     Pursuant to the FCRA, any person who fails to comply with any requirement imposed under the FCRA is liable to that consumer for actual damages and the costs of the action, together with a reasonable attorney's fee as determined by the court, and is further liable for punitive damages in the event that the noncompliance was willful. 15 U.S.C. §§ 1681n; 1681o.

30.     15 U.S.C. § 1681b limits the circumstances under which a consumer reporting agency may furnish a consumer report to an enumerated list of "permissible purposes."

6

31.　　15 U.S.C. 1681b(c)(1)(B) provides that a firm offer of credit is a "permissible purpose":

(c) Furnishing reports in connection with credit or insurance transactions that are not initiated by consumer

(1) In general

A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) in connection with any credit or insurance transaction that is not initiated by the consumer only if—

(A) the consumer authorizes the agency to provide such report to such person; or

(B)

(i) the transaction consists of a firm offer of credit or insurance;

(ii) the consumer reporting agency has complied with subsection (e);

(iii) there is not in effect an election by the consumer, made in accordance with subsection (e), to have the consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph; and

(iv) the consumer report does not contain a date of birth that shows that the consumer has not attained the age of 21, or, if the date of birth on the consumer report shows that the consumer has not attained the age of 21, such consumer consents to the consumer reporting agency to such furnishing.

32.　　12 CFR 1022.54 states the following requirements in connection with the above firm offer of credit "permissible purpose":

(c) Prescreen opt-out notice.

Any person who uses a consumer report on any consumer in connection with any credit or insurance transaction that is not initiated by the consumer, and that is

7

provided to that person under section 604(c)(1)(B) of the FCRA (15 U.S.C. 1681b(c)(1)(B)), shall, with each written solicitation made to the consumer about the transaction, provide the consumer with the following statement, consisting of a short portion and a long portion, which shall be in the same language as the offer of credit or insurance:

> (1) Short notice. The short notice shall be a clear and conspicuous, and simple and easy to understand statement as follows:

>> (i) Content. The short notice shall state that the consumer has the right to opt out of receiving prescreened solicitations, and shall provide the toll-free number the consumer can call to exercise that right. The short notice also shall direct the consumer to the existence and location of the long notice, and shall state the heading for the long notice. The short notice shall not contain any other information.

>> (ii) Form. The short notice shall be:

>>> (A) In a type size that is larger than the type size of the principal text on the same page, but in no event smaller than 12 point type, or if provided by electronic means, then reasonable steps shall be taken to ensure that the type size is larger than the type size of the principal text on the same page;

>>> (B) On the front side of the first page of the principal promotional document in the solicitation, or, if provided electronically, on the same page and in close proximity to the principal marketing message;

>>> (C) Located on the page and in a format so that the statement is distinct from other text, such as inside a border; and

>>> (D) In a type style that is distinct from the principal type style used on the same page, such as bolded, italicized, underlined, and/or in a color that contrasts with the color of the principal text on the page, if the solicitation is in more than one color.

33.    15 U.S.C. § 1681e(a) requires that every consumer reporting agency shall maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b, and requires these procedures to require that prospective users of the consumer's

8

information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.

34.     15 U.S.C. § 1681e(d) requires that consumer reporting agencies provide certain information to users of consumers reports as prescribed by the CFPB.

35.     15 U.S.C. § 1681q states: "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both."

### *The WCA*

36. ·   The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2). To carry out this intent, the WCA affords Wisconsin consumers with an array of protections and legal remedies, and authorizes consumers to bring a private cause of action for class-wide statutory and actual damages remedies, and declaratory and injunctive remedies on behalf of all customers who suffer similar violations. *See,* Wis. Stats. §§ 426.110(1), 426.110(4)(e).

37.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

38.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also,* Wis. Stat. § 425.301.

39.     "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l*

9

*Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law. Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

40.    With respect to consumer credit transaction solicitations, the WCA prohibits false, deceptive, misleading, or unconscionable conduct, and further requires creditors to make "the disclosures required by the federal consumer credit protection act," which includes the disclosures that are required by FCRA and Regulation V. Wis. Stat. §§ 421.301(19), 422.301, 426.110(2)(b).

41.    The WCA also expressly authorizes individual actions by any customer affected by a violation of the WCA or the federal consumer credit protection act to bring a civil action on behalf of himself or herself and all persons similarly situated, for actual damages by reason of such conduct or violation. Wis. Stat. § 426.110(1).

### COUNT I – FCRA

42.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43.    Plaintiff received a firm offer of credit from Coral Funding in the form of <u>Exhibit</u> <u>A</u>.

44.    <u>Exhibit A</u> did not include the short form notice on the first page of the solicitation.

45.    Defendant was not complying with FCRA and Regulation V.

46.    Defendant knowingly and willfully obtained Plaintiff's consumer report under false pretenses.

47.    Defendant violated 15 U.S.C. §§ 1681b, 1681q, and 12 CFR § 1022.54.

10

## COUNT II – WCA

48.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

49.    Plaintiff received a firm offer of credit from Coral Funding in the form of <u>Exhibit A</u>.

50.    <u>Exhibit A</u> did not include the short form notice on the first page of the solicitation.

51.    Defendant was not complying with FCRA and Regulation V.

52.    Defendant knowingly and willfully obtained Plaintiff's consumer report under false pretenses.

53.    Defendant was engaged in false, deceptive, misleading, and unconscionable conduct in consumer reports without complying with the disclosure requirements in FCRA and Regulation V.

54.    Defendant violated Wis. Stat. §§ 422.301 and 426.110.

## CLASS ALLEGATIONS

55.    Plaintiff brings this action on behalf of the following class:

> (a) all natural persons in the United States of America, (b) about whom Coral Funding requested a credit report, (c) in connection with a firm offer of credit from Coral Funding, (d) and who received a solicitation in the form of <u>Exhibit A</u> to the complaint in this action (e) that was not returned by the postal service.

56.    Plaintiff also brings this action on behalf of a Wisconsin subclass that consists of all members of the class that are natural persons in the State of Wisconsin.

57.    The "Class Period" for the class and subclass dates back to the longest applicable statute of limitations for any claims asserted on behalf of the Class or Subclass from the date this action was commenced and continues through the date this action was commenced.

11

58.     The Class is so numerous that joinder is impracticable.

59.     Upon information and belief, there are more than 50 members of the Class and Subclass.

60.     There are questions of law and fact common to the members of the Class and Subclass, which common questions predominate over any questions that affect only individual class members.

61.     The predominant common questions are whether Defendant complied with the federal consumer credit protection act.

62.     Plaintiff's claims are typical of the claims of the Class and Subclass members. All are based on the same factual and legal theories.

63.     Plaintiff will fairly and adequately represent the interests of the Class and Subclass members. Plaintiff has retained counsel experienced in consumer protection cases.

64.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

65.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     injunctive relief;

(d)     attorneys' fees, litigation expenses and costs of suit; and

12

(e)     such other or further relief as the Court deems proper.

Dated: March 19, 2021

**ADEMI LLP**

By:     *Electronically signed by Mark A. Eldridge*
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Jesse Fruchter (SBN 1097673)
        Ben J. Slatky (SBN 1106892)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        jfruchter@ademilaw.com
        bslatky@ademilaw.com

13

FILED
03-19-2021
John Barrett
Clerk of Circuit Court
2021CV001709
Honorable Laura Gramling
Perez-32
Branch 32

# EXHIBIT A

3D08

**FUNDS DISTRIBUTION DEPARTMENT**

**PAYMENT REDUCTION VOUCHER**

** AMOUNT: YOU MAY BEEN PRE-APPROVED for a Debt Consolidation Loan in the Amount shown on this Payment Reduction Voucher (PRV). To take advantage of this offer, you must call the priority processing number soon. THERE IS NO OBLIGATION. CALL NOW!

PAY UP TO: **** Fifty Thousand Five Hundred Dollars And No Cents ****

| RESERVATION CODE: | 3D08 | | ELIGIBLE AMOUNT: | $50,500.00 |

**CALL NOW TO LOCK IN YOUR RATE!**

# 1-888-228-8905
**TOLL FREE!**

TO THE ORDER OF: Jacqueline A Sather    337 91289
1451 S 81st St
Milwaukee, WI 53214-4511

*M. Walgrave*

AUTHORIZED SIGNATURE    THIS IS NOT A CHECK

Dear Jacqueline Sather:

Right now you may be buried under a mountain of high-interest credit card debt and crushing monthly payments. But we can help you fix that once and for all.

You have been pre-approved for a Debt Consolidation Loan of up to $50,500 with an Annual Percentage Rate as low as 3.25%. Just compare that bargain rate to the sky-high interest you currently pay on your credit card balance every month ... the difference will shock you.

*Plus, you can even borrow an extra $10,000 and still save up to $673 every month!*

| | CURRENT BALANCE | INTEREST RATE | MONTHLY PAYMENT | MONTHLY SAVINGS | FIRST YEAR SAVINGS |
|---|---|---|---|---|---|
| **WHAT YOU HAVE NOW** | $40,500 | 19.90% | $891 | NONE | NONE |
| **WHAT YOU WILL HAVE WITH US** | $50,500 | 3.25% | $218 | $673 | $8,072 |

All you need to do is call Coral Funding at 1-888-228-8905 today to get started!

With this one easy step, you can take control of your finances and save $8,000 in the first year alone. And you'll save tens of thousands of dollars over the life of your loan — that's money that goes to you, not to the credit card companies!

Think about what you can do with the money you save ... pay college tuition, replace an old car, remodel the kitchen, save for retirement ... it's up to you ... but this is real money that adds up to BIG savings.

Remember, every day you wait is another day credit card companies collect more interest charges. Why not put that money in your pocket instead?

Apply online at mycoralfunding.com/Jacqueline or call 1 888 228-8905 and mention Personal Reservation Code [ ] 3D08 to get started.

Sincerely,

*M. Walgrave*

M. Walgrave
Chief Marketing Officer, Coral Funding

P.S. <u>Your pre-approval status is only good for a limited time</u> and this is your best opportunity to lock in a rate as low as 3.25% so don't wait to start your savings — call today!

## Apply Online Now: mycoralfunding.com/Jacqueline

# CORAL FUNDING

See note on side for additional information

**PERSONAL RESERVATION CODE**

3D08

**Company Information:**
This notice and associated materials are provided, managed and originated by Coral Funding who is solely responsible for the content.

**Prescreen and Opt-Out Notice:**
This "prescreened" notice of credit is based on information in your credit report indicating that you meet certain criteria. This notice is not guaranteed if you do not meet select criteria.

If you do not want to receive the prescreened notices of credit from this and other companies please call the Federal Trade Commission's Opt-Out number toll-free at 1-888-5OPT-OUT (1-888-567-8688). You may also write to your credit bureaus at:

**Equifax Options**
PO Box 74123
Atlanta, GA 30374-0123

**TransUnion Opt-Out Request**
PO Box 505
Woodlyn, PA 19094-0505

**Experian Consumer Opt-Out**
PO Box 919
Allen, TX 75013

Rates, fees and program guidelines are subject to change without notice. Certain restrictions may apply.

FILED
03-19-2021
John Barrett
Clerk of Circuit Court
2021CV001709
Honorable Laura Gramling
Perez-32
Branch 32

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

| | | |
|---|---|---|
| JACQUELINE SATHER, | | **SUMMONS** |
| 1451 S. 81st Street | | |
| Milwaukee, WI 53214, | | Case No.: |
| | Plaintiff, | Classification Code: 30301 |
| v. | | **Jury Trial Demanded** |
| MEC DISTRIBUTION, LLC | | Amount claimed is greater than the |
| d/b/a CORAL FUNDING | | amount under Wis. Stat. § |
| 36 3rd Street NE | | 799.01(1)(d). |
| Minot, ND 58703, | | |
| | Defendant. | |

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North 9th Street, Milwaukee, Wisconsin 53223, and to Plaintiffs' attorney, whose address is Ademi LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or represent you.

If you do not provide an answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint,

1

and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated:  March 19, 2021                         ADEMI LLP

By:  *Electronically signed by Mark A. Eldridge*
     Mark A. Eldridge (State Bar No. 1089944)
     *Attorney for Plaintiff*

Mailing address:
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

2

**ATTENTION: CCEmail of SOP Process received in NORTH DAKOTA (OurTransmittal #539578851)**

SOPDelivery@wolterskluwer.com <SOPDelivery@wolterskluwer.com>

Tue 5/18/2021 11:01 PM

To: Margaret Mauti <margaret.mauti@daesung-mandaree.com>

# NATIONAL REGISTERED AGENTS, INC.

**SOP Process
539578851
received in North
Dakota**

## Service of Process Summary Transmittal Form

**To:**
Margaret Mauti
Mandaree Enterprises,
LLC
2525 S Telegraph Rd Ste
306
Bloomfield
Hills, MI 48302-0289

**1) Entity Served:** MEC Distribution, LLC (Domestic State: NORTH DAKOTA)
**1a) Domestic State:** NORTH DAKOTA
**2) Title Of Action:** JACQUELINE SATHER, PLTF. vs. MEC DISTRIBUTION, LLC, ETC., DFT.
**3) Document(s) Served:** Other: .
**4) Court of Jurisdiction:** None Specified
**5) Case Number:** 2021CV001709
**6) Amount Claimed:**
**7) Method of Service:** Delivered Via: Process Server
**8) Date/Time of Receipt:** 05/18/2021 02:07:00 PM
**9) Appearance/Answer Date:** None Specified
**10) Received From:** None Specified
**11) Carrier Airbill:**
**12) Calls Made To:** Not required
**13) Special Comments:** NRAI has retained the current log, Retain Date: 05/18/2021, Expected Purge Date: 06/17/2021
Image SOP
Email Notification, Margaret Mauti margaret.mauti@daesung-mandaree.com
**14) Transmitted By:** Amy McLaren

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Margaret Mauti
Mandaree Enterprises, LLC
2525 S Telegraph Rd Ste 306
Bloomfield Hills, MI 48302-0289

SOP Transmittal # 539578851

Entity Served: MEC Distribution, LLC (Domestic State: NORTH DAKOTA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of NORTH DAKOTA on this 18 day of May, 2021. The following is a summary of the document(s) received:

1. **Title of Action:** JACQUELINE SATHER, PLTF. vs. MEC DISTRIBUTION, LLC, ETC., DFT.

2. **Document(s) Served:** Other: .

3. **Court of Jurisdiction/Case Number:** None Specified
Case # 2021CV001709

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:   _X_ Process Server   ___ Law Enforcement   ___ Deputy Sheriff   ___ U. S Marshall

   ___ Delivered Via:   ___ Certified Mail   ___ Regular Mail   ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:**   05/18/2021 02:07:00 PM CST

7. **Appearance/Answer Date:**   None Specified

8. **Received From:**   None Specified                 9. **Carrier Airbill #**

                                                          10. **Call Made to:** Not required

11. **Special Comments:**
NRAI has retained the current log, Retain Date: 05/18/2021, Expected Purge Date: 06/17/2021

Image SOP

Email Notification, Margaret Mauti margaret.mauti@daesung-mandaree.com

Registered Agent: NATIONAL REGISTERED AGENTS, INC          CopiesTo:

866-539-8692 - Telephone
800-888-1300 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by   Amy McLaren

ORIGINAL

**STATE OF WISCONSIN**  **CIRCUIT COURT**  **MILWAUKEE**

Jacqueline Sather vs. MEC Distribution, LLC     **Electronic Filing Notice**

Case No. 2021CV001709
Class Code: Money Judgment

FILED
03-19-2021
John Barrett
Clerk of Circuit Court
2021CV001709
Honorable Laura Gramling Perez-32
Branch 32

MEC DISTRIBUTION, LLC
36 3RD STREET NE
MINOT ND 58703

Case number 2021CV001709 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

Pro Se opt-in code: 3a1cf3

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: March 19, 2021

# Exhibit B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**Plaintiff(s),**

**v.**                                    **Case No.**

**Defendant(s).**

## CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

**This form must be filed with the Clerk of Court within 21 days of receipt. Although choosing to have your case decided by a magistrate judge is optional and refusal will not have adverse substantive consequences, the timely return of this completed form is mandatory.**

**If you do not consent to a magistrate judge hearing your case, a district judge will hear your case. Aside from cases subject to the Prison Litigation Reform Act, magistrate judges in this district generally play no further role in civil cases pending before district judges and do not issue reports and recommendations.**

**Magistrate judges do not conduct felony trials, and therefore felony trials do not interfere with scheduling and processing of cases before magistrate judges.**

**Check one:**

☐     The undersigned attorney of record or pro se litigant **consents** to have Magistrate Judge
_____ conduct all proceedings in this case, including a bench or jury trial, and enter final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b).

☐     The undersigned attorney of record or pro se litigant **refuses** to have a magistrate judge enter final judgment in this matter.

Signed this ____ day of _____, _____.       _____

       (date)        (month)      (year)    Signature of counsel of record or pro se litigant
                                      ☐ Plaintiff / petitioner (attorney or pro se litigant)
                                      ☐ Defendant / respondent (attorney or pro se litigant)
                                      ☐ Other party

## ASSIGNMENT OF CIVIL CASES
## EASTERN DISTRICT OF WISCONSIN

At the time a new civil action is filed, it is assigned by random selection to either a district judge or a magistrate judge in accordance with the local rules. Pursuant to the provisions of 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure, a United States Magistrate Judge may, with the consent of the parties, conduct all proceedings in this civil action, including a bench or jury trial and order the entry of judgment. The statute provides for direct appeal to the U.S. Court of Appeals for the Seventh Circuit.

Once the assigned district or magistrate judge has been selected, the local rules of this district require that each party to the action receive a copy of the "consent form." Each party shall complete the form and file it with the Clerk of Court **within 21 days** after its receipt.

If this case has been randomly assigned to a **district judge** and all parties consent to have the magistrate judge conduct all proceedings in the case, the district judge may enter an order transferring the case to the magistrate judge.

If this case has been randomly assigned to a **magistrate judge** and not all parties consent, then the case will be reassigned by random selection to a district judge. If all parties consent, the magistrate judge will conduct all proceedings in the action.

While the decision to consent or not to consent to the exercise of jurisdiction by the magistrate judge is entirely voluntary, the duty to respond to this order is **mandatory**. Your response shall be made to the Clerk of Court only on the form on the reverse side of this notice.

**IT IS THEREFORE ORDERED**, that you complete this form and file it with the Clerk of Court within **twenty-one (21) days** from receipt.


UNITED STATES DISTRICT COURT

Honorable Pamela Pepper,
Chief Judge

(Rev. 11/25/2019)

# Exhibit C

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box (required): ☐ Green Bay Division ☒ Milwaukee Division

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jacqueline Sather | MEC Distribution, LLC |

**(b)** County of Residence of First Listed Plaintiff **Milwaukee**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **N/A**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

John D. Blaythin, Ademi Law, 3620 East Layton Avenue, Cudahy, WI 53110, 414.482.8000

Attorneys *(If Known)*

Michael A. Robinson, Peebles Kidder Bergin & Robinson LLP, 2020 L Street, Suite 250, Sacramento, CA, 95811, 916.441.2700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☒ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1681

Brief description of cause:
Alleged violation of Fair Credit Reporting Act and Wisconsin Consumer Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
06/15/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Michael A. Robinson

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Exhibit D

STATE OF WISCONSON      CIRCUIT COURT      MILWAUKEE COUNTY

JACQUELINE SATHER,

           Plaintiff,            Case No. 2021CV001709

     vs.

MEC DISTRIBUTION, LLC
d/b/a CORAL FUNDING,

           Defendant.

## MEC DISTRIBUTION, L.L.C'S NOTICE OF FILING NOTICE OF REMOVAL

John Barret                                 John D. Blythin
Clerk of Circuit Court                      Mark A. Eldridge
CIRCUIT COURT FOR THE STATE OF WISCONSIN      Jesse Fruchter
MILWAUKEE COUNTY                        Ben J. Slatky
901 North Ninth Street                      ADEMI LLP
Milwaukee, WI 53233                      3620 East Layton Avenue
                                           Cudahy, WI 53110
Hon. Laura Gramling Perez                *Attorneys for Plaintiff Jacqueline Sather*
Circuit Judge
CIRCUIT COURT FOR THE STATE OF WISCONSIN
MILWAUKEE COUNTY
901 North Ninth Street
Milwaukee, WI 53233

           **PLEASE TAKE NOTICE** that Defendant MEC Distribution, LLC, ("MEC")

has filed a Notice of Removal of the above-captioned action in the United States District Court

for the Eastern District of Wisconsin. A copy of said Notice of Removal is attached this Notice

as **Exhibit 1** and is served and filed herein.

           The filing of this Notice effects removal of this action under 28 U.S.C. § 1446(d), and no

further proceedings shall occur in this Court unless and until the case is remanded.

Dated:  June 17, 2022

*Electronically signed by Paul W. Strenzel*

Paul Stenzel (WBN 1022432)
HANSEL & HILDEBRAND S.C.
126 N. Jefferson Street, Suite 401
City, State, Zip
414.273.2422 (telephone)
414.273.3966 (facsimile)
pws@h-hlaw.com
*Attorneys for Defendant MEC Distribution LLC*

**Certificate of Service**

I certify that on June 17, 2021, a copy of this document, and all exhibits thereto, was filed electronically with the Clerk of this Court and sent via first-class U.S. mail and electronic mail to the following counsel of record:

> John D. Blythin
> Mark A. Eldridge
> Jesse Fuchter
> Ben J. Slatky
> ADEMI LLP
> jblythin@ademilaw.com
> meldridge@ademilaw.com
> jfruchter@ademilaw.com
> bslatky@ademilaw.com

> *Attorneys for Plaintiff Jacqueline Sather*

/s/ Michael A. Robinson

Michael A. Robinson (CA 214666)
PEEBLES KIDDER BERGIN & ROBINSON LLP
2020 L Street, Suite 250
Sacramento, California 95811
916.441.2700 (telephone)
916.441.2067 (facsimile)
mrobinson@ndnalw.com